UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| NAOMI ELLISON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV417-008 |
| | ) | |
| ST. JOSEPH'S / CANDLER HEALTH SYSTEM, INC., | ) ) ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

Defendant St. Joseph's / Candler Health System, Inc. removed this employment discrimination (Title VII and § 1981) action from state court. Doc. 1. It moved to strike matters in Naomi Ellison's Complaint (allegations and an exhibit) that it contends are immaterial, prejudicial, and barred from publication. Doc. 6. Plaintiff amended her Complaint, removing some of the challenged material,[1] *see* doc. 13 (Amended Complaint); doc. 14 at 2 (explaining amendment removed allegations

---

[1] Since Ellison removed Paragraph 42 from her Complaint, St. Joseph's motion, to the extent it seeks to strike that paragraph, is **DENIED** as moot. *See, e.g., Malowney v. Fed. Collection Deposit Grp*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) ("An amended complaint supersedes an original complaint").

referring to EEOC conciliation), and opposes the motion to strike the remaining matters. Doc. 14.

Motions to strike allow a party to challenge "any redundant, immaterial, impertinent, or scandalous matter."[2] Fed. R. Civ. P. 12(f)(2).

> "Rule 12(f) reflects the inherent power of the Court to prune down pleadings so as to expedite the administration of justice and to prevent abuse of its process." *TracFone Wireless, Inc. v. Zip Wireless Prods., Inc.*, 716 F.Supp.2d 1275, 1290 (N.D. Ga. 2010) (citing *McNair v. Monsanto Co.*, 279 F.Supp.2d 1290, 1298 (M.D. Ga. 2003)). The Court should only exercise this discretion if "the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 691 (M.D. Fla. 2003) (internal quotation omitted). This is not a high bar to meet.

*Frazier v. Dollar Tree Stores, Inc.*, 2011 WL 709720 at * 1 (S.D. Ga. 2011). Such motions are "generally viewed with disfavor and are often considered time wasters." *TracFone*, 716 F. Supp. 2d at 1290 (quotes and cite omitted). That's the case here.

---

[2] The Rule requires that parties move to strike "before responding to the pleading." Fed. R. Civ. P. 12(f)(2). Since St. Joseph's filed its motion to strike not before, but contemporaneously with, its Answer, it is *technically* untimely. *See, e.g.,* 5C CHARLES ALAN WRIGHT, ARTHUR R. MILLER, et al. FED. PRAC. & PROC. CIV. § 1380 (3d ed. 2016) (noting that, despite authority to the contrary, allowing simultaneous motion to strike and answer "is both somewhat illogical and a technical violation" of the Rule). Despite that technicality, in the interest of expediency, the Court nevertheless considers the merits of St. Joseph's motion. *See* Fed. R. Civ. P. 1 (Rules should be administered to secure, *inter alia*, the "speedy" determination of actions).

2

St. Joseph's objects to Ellison's inclusion, in the Complaint's allegations and attached exhibit, of the EEOC's unfavorable investigatory conclusions and references to the administrative conciliation process. *See* doc. 6 at 4-5. The EEOC's determinations are not binding on this Court. *Young v. FedEx Express*, 432 F. App'x 915, 917 (11th Cir. 2011) (citing *Moore v. Devine*, 767 F.2d 1541, 1550-51 (11th Cir. 1985)); *see also* doc. 6 at 5 (citing *Young*). But they are potentially admissible,[3] and "may be significant evidence." *Id.* (quotes and cite omitted). References to those findings, therefore, are not subject to be stricken. If St. Joseph's is concerned that the references "will confuse the relevant issues for the jury," doc. 6 at 5, it will have ample opportunity to clarify them, if not move *in limine* to prevent jury taint.

---

[3] "In this circuit, it is well established that EEOC determinations are generally admissible in bench trials," but subject to more careful scrutiny in jury trials. *Walker v. Nationsbank of Fla. N.A.*, 53 F.3d 1548, 1554 (11th Cir. 1995). The admissibility of the determinations, assuming this case is ultimately tried by a jury, must be made "on an individual basis, considering the evidence's probative value and the danger of unfair prejudice." *Lathem v. Dept. of Children & Youth Servs.*, 172 F.3d 786, 791 (11th Cir. 1999). This Court cannot say, at this point, that the instant EEOC determinations have no possible relationship to the controversy.

Finally, its argument that the publication of the EEOC's letter is prohibited by 42 U.S.C. § 2000e-5(a) is similarly unavailing.[4]

Accordingly, St. Joseph's Motion to Strike, doc. 6, is **DENIED**.

**SO ORDERED**, this  7th  day of February, 2017.

*[signature]*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[4] St. Joseph's argues that "the determination letter," *see* doc. 1-1 at 20-21; doc. 13-2, must be stricken because "[n]othing said or done during and as a part of [the EEOC's informal conciliation process] may be made public by the Commission, its officers or employees, or used as evidence in a subsequent proceeding without the written consent of the persons concerned." 42 U.S.C. § 2000e-5(b). Publication, in violation of the prohibition, fetches up to a $1,000 fine, a one-year prison sentence, or both. *Id.* St. Joseph's contends the statute applies because of the letter's invitation of the parties to "join with [the EEOC] in reaching a just resolution of this matter," and statement that "[i]n this regard, conciliation of this matter has now begun." It also refers to an attached "conciliation agreement," which was not attached to the copy of the letter Ellison filed with either version of her Complaint. *See* doc. 1-1 at 20-21; doc. 13-2.

St. Joseph's argument is facially plausible, but no more. The Supreme Court discussed this statutory section in determining the scope of judicial review of the EEOC's conciliation efforts. *Mach Mining v. Equal Employment Opportunity Comm'n*, ___ U.S. ___, 135 S. Ct. 1645, 1655 (2015). The Court refused to sanction detailed review of the process because it would "flout Title VII's protection of the confidentiality of conciliation efforts." *Id.* It also rejected the Government's proposal, which would limit review to "'bookend' letters," including notice of the commencement of the conciliation process. *Id.* at 1653. By requiring courts to engage in a review of the conciliation process that goes beyond such letters, the Court necessarily found that they were not subject to § 2000e-5(b)'s confidentiality provisions.